IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

            Plaintiff,                        ORDER

      v.                               07-cr-138-bbc-1

MITCHELL C. HALLMON,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Mitchell C. Hallmon's supervised release was held on October 16, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by Assistant U.S. Attorney Timothy M. O'Shea. Defendant was present in person and by Associate Federal Defender Erika L. Bierma. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the parties' stipulation and the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on March 27, 2008, following his conviction for possession with intent to distribute cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony.

Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 70 months, with a 36-month term of supervised release to follow. On October 17, 2011, defendant was granted a reduction of sentence of imprisonment under 18 U.S.C. 3582(c)(2), to time served, effective November 1, 2011. The three-year term of supervised release was affirmed.

Defendant began his term of supervised release on November 1, 2011. On November 8, 2011, he violated a mandatory condition, prohibiting him from committing another federal, state or local crime, when he received a citation for operating a motor vehicle while intoxicated (2d Offense), which is a Class U misdemeanor, in violation of Wis. Stat. § 346.63(1). On September 4, 2012, defendant entered a plea of contest to this offense in the Circuit Court for Dane County, Wisconsin, in case no. 2011CT1489. He was sentenced to serve a 120-day jail term with work release privileges and was assessed court costs of $1,676. On January 19, 2012, I modified the conditions of supervised release by adding Special Condition No. 5, requiring defendant to reside in a residential reentry center for up to 90 days.

On January 25, January 29, February 7, May 17, June 3 and June 5, 2012, defendant violated Standard Condition No. 7, prohibiting him from the purchase, possession, use or administration of any narcotic or controlled substance, when he submitted urine specimens that tested positive for marijuana.

2

On June 20 and June 25, 2012, defendant violated Special Condition No. 4, requiring him to participate in substance abuse treatment and testing, when he failed to report for counseling sessions. He also violated this condition on June 22, June 26 and July 2, 2012, when he failed to report for required drug testing.

On June 18, 2012, defendant violated Standard Condition No. 6, requiring him to notify the probation office at least ten days before any change in residence, when he informed the probation office he had been evicted from his residence but failed to provide the probation office with his new address.

On June 25, 2012, defendant violated Standard Condition No. 2, requiring him to report to the probation office as directed and submit a truthful and complete written report within the first five days of each month, when he failed to report to the probation office as previously instructed. He violated this condition again when he failed to submit a written monthly report for June 2012.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that upon a finding of a Grade C violation the court has the discretion to revoke the term of supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is VI. With a Grade C violation, he has an advisory guideline term of imprisonment of 8 to

3

14 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months under 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which he was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence near the top of the guideline range. The intent of this sentence is to hold the defendant accountable for these violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 27, 2008 and affirmed on October 17, 2011 is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 12 months plus one day with a 12-month term of supervised release to follow. The 12-month term of imprisonment is to run consecutively to the 120-day term imposed in Dane County case no. 2011CT1489. All previous special conditions imposed shall remain in effect.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Entered this 16th day of October 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
U.S. District Judge